IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David A. Bornhorst, ) | |
| ) | Civil Action No. 6:06-0309-TLW-WMC |
| Petitioner, ) | |
| ) | |
| Roy K. Shingledecker, ) | |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on a petition for approval of attorney fees submitted by David A. Bornhorst for his successful representation of the plaintiff in the underlying Social Security benefits action. The court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

The Commissioner's decision denying benefits to the plaintiff was reversed and remanded for further administrative proceedings by order of the District Court on August 9, 2006. The petitioner seeks attorney fees of $1732.50 ($150.00 per hour for 11.55 attorney hours) and costs of $264.64 ($250 filing fee and $14.64 service fee). The Commissioner does not object to the petitioner's request for attorney fees and costs.

### APPLICABLE LAW AND CONCLUSIONS

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court

>finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

U.S.C. §2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement. *Id.; see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir.1991).

The test for substantial justification is one of reasonableness – did the agency's position have a "reasonable basis both in law and fact," or was it "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This standard allows the government some leeway in litigation without permitting it to adopt positions arbitrarily. "[T]he government has the burden of proving that its litigation position was substantially justified." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991) (citing *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988)).

The plaintiff was the prevailing party in this action, and the government's position was not substantially justified. 28 U.S.C. §2412(d)(1)(A). The petitioner has provided an itemized statement stating the time expended in preparing this case. The defendant does not object to the amount sought by the petitioner.

Now, therefore,

IT IS ORDERED that the defendant pay to the petitioner One Thousand Nine Hundred Ninety-seven Dollars and Fourteen Cents ($1,997.14) for his services and reimbursement of expenses in this case.

IT IS SO ORDERED.

> s/ William M. Catoe
> United States Magistrate Judge

October 18,1006
Greenville, South Carolina